WILLIAM C. RENSHAW, Appellee, v. JOHN F. DIGNAN, Appellant.

**Evidence:** CONCLUSION OF WITNESS. Where the vendee of land is 1 required, in making a case for the recovery of its value, to negative a conveyance by the vendor according to contract, he may state that he never received or accepted a deed and the evidence is not objectionable as a conclusion.

**Evidence:** DELIVERY OF DEED. The declarations of a vendee of land 2 made at the time the deed was presented to him are admissible on the question of delivery of the deed, as a part of the *res gestæ* and for the purpose of showing his intent respecting its delivery and acceptance, even though the vendor was not present.

**Same.** Where the issue was whether a vendee had received and 3 accepted a deed to the property, evidence that he was willing to reconvey any interest acquired through the deed was immaterial in an action by him for the price, but in view of the court's instruction its admission was without prejudice.

**New trial:** REVIEW. Where the record discloses simply an objection to a certain line of argument with no ruling of the trial court thereon, the overruling of a motion for a new trial based in part on the alleged misconduct will not be disturbed on appeal.

**Same:** Where the newly discovered evidence is purely cumulative, or where there has been a manifest lack of diligence in procuring the same, the denial of a motion for a new trial will not be disturbed on appeal.

*Appeal from Blackhawk District Court.*— HON. A. S. BLAIR, Judge.

WEDNESDAY, NOVEMBER 15, 1905.

ACTION at law to recover the value of certain real estate, which it is claimed defendant agreed to give plaintiff in exchange for other real estate. Defendant denied the allegations of the petition and pleaded performance on his part by the execution of a deed to plaintiff for the real estate in question, which was accepted and retained by plaintiff and is now held by him. Plaintiff in reply denied the acceptance of the deed, and offered to reconvey to defendant any apparent title he might have in the real estate. On these issues the case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Mullan & Pickett,* for appellant.

*F. F. Faville* and *Reed & Tuthill,* for appellee.

DEEMER, J.— I. On October 26, 1899, the parties to this controversy entered into a written contract for the exchange of certain properties. For and in consideration of plaintiff's agreement to convey to defendant all his right, title, and interest in and to 160 acres of land in Sac county, Iowa, valued at $5,490, defendant agreed to convey to plaintiff certain lots in Cook county, Ill., incumbered for $750, valued over and above the mortgage at $800, and the

balance of the consideration, to-wit, $4,690, was to be paid in cash on or before March 1, 1900, or in cash and notes; the notes to be secured by mortgage upon the land conveyed to the defendant. Plaintiff held a contract of purchase for the Sac county land, by the terms of which he agreed to pay his vendor $5,490, $1,500 of which had been paid in cash at the time he made his contract with the defendant. It is claimed by plaintiff that defendant did not convey the Cook county lots to him as agreed, and he asks judgment for the value thereof as fixed in the contract. Defendant claims, however, that he did execute a deed therefor to plaintiff, which was accepted and retained by him (plaintiff). The issue thus tendered was a narrow one, and the trial court submitted the matter to a jury, which found for plaintiff, and judgment was rendered upon the verdict as prayed. For a reversal defendant relies upon certain alleged errors of the trial court in rulings on the admission and rejection of testimony and upon the court's refusal to grant him a new trial.

Plaintiff was permitted to testify, over objections interposed by defendant, that he had never received or accepted a deed from the defendant for the Cook county lots. This is **1. Evidence: conclusion of witness.** said to have called for an inadmissible conclusion of the witness. To make out his case plaintiff was required to prove this negative fact; and, being a negative, it could only be proved by the witness speaking directly to the point. At the time the evidence was adduced there was no showing of any facts or circumstances which pointed even to a delivery of the deed. That none had been delivered to or accepted by the plaintiff was an ultimate fact to which he might testify. That the question was ultimately for the jury has no bearing upon the admissibility of the testimony. If there were an issue regarding delivery, and the vendor had had the affirmative of showing that one had been made, the case would present a different aspect. In that case such a fact would be the conclusion of the witness from

other facts and would undoubtedly be inadmissible. *Brooks v. Sioux City,* 114 Iowa, 641, is an analogous case, and in principle sustains the rule here announced.

II. Whether or not a deed has been delivered is largely a question of intent. *Hogueland v. Arts,* 113 Iowa, 634. If there was a delivery of the deed in question it was made by one Hawthorne to whom it had been intrusted by the defendant. Plaintiff was permitted, over defendant's objections, to show by witness, Hawthorne, what he (plaintiff) said when the deed was tendered or presented to him (plaintiff). These declarations were clearly admissible, not only as showing plaintiff's intent at the time the paper was handed him, but also as verbal acts indicative of his then purpose, which were manifestly admissible as part of the *res gestœ.* That defendant was not present when these declarations were made is not controlling. *Mutual Life Co. v. Hillmon* (U. S.), 12 Sup. Ct. 909, 36 L. Ed. 706.

*2. EVIDENCE: delivery of deed.*

III. After testimony had been offered by defendant regarding some conversations with plaintiff relating to the redeeding of the property to defendant, plaintiff was permitted to prove, over defendant's objection, that he was willing to quitclaim the property to the defendant; and he produced such a deed from himself and wife for the premises, in which defendant was named as grantee. Under the issues this was a wholly immaterial matter. If the jury believed that plaintiff had accepted a deed from defendant for the property, that was an end of the controversy, and they were so instructed by the trial court. The action was not to rescind, but to recover part of the purchase price for the Sac county property. If plaintiff had received and accepted a deed for the Cook county lots, that was an end of the case. On the other hand, if he had not done so and defendant had refused to make the conveyance as agreed, plaintiff was entitled to a money judgment for the agreed value of the property. Plaintiff might then have been compelled to remove the apparent cloud upon the title to the Cook county

*3. SAME.*

property, for the defendant had recorded the deed; but he was not obliged to do so in order to obtain his money judgment. But the introduction of this testimony was clearly without prejudice to defendant; for the jury was properly instructed as to the law of the case. If any prejudice resulted it was more likely to be against the plaintiff than the defendant, for ordinarily an offer to reconvey is an admission that the party making the offer has some sort of title.

IV. A new trial was sought because of misconduct of plaintiff's counsel in argument to the jury, certain false and perjured testimony offered by plaintiff, and newly discovered testimony. As to the alleged misconduct of counsel, no such showing is made as to justify us in interfering with the discretion of the trial court in such matters. There is nothing in the record with reference to this, save that defendant objected and excepted to a line of argument presented by plaintiff's counsel with reference to the profit defendant made by the exchange. No ruling of the trial court is shown, nor is there anything to indicate what the trial court said at the time the objection was interposed. There being no ruling, we must presume, in the absence of some showing, especially in view of the ruling on the motion for a new trial, in favor of the trial court's action in the premises. For what we must assume were good reasons the trial court overruled defendant's motion for a new trial, based in part upon this alleged misconduct. No such showing is made as to justify us in saying that the trial court was wrong in this.

V. Another ground of the motion for a new trial was newly discovered evidence. This testimony related to an alleged conversation proved upon the trial as having occurred in Schaller and Hart's office in the town of Sac City. This conversation was denied by defendant, and after verdict against him he produced Schaller and Hart, who gave affidavits to the effect that no such conversation occurred as was detailed by plaintiff's witnesses. This

*4. NEW TRIAL: review.*

*5. SAME.*

newly discovered evidence was purely cumulative, in that it went to the same transaction about which defendant had testified. Moreover, defendant was relying upon what occurred at the Schaller and Hart office, and he must have known who was there at the time in question. If he did not know what Schaller and Hart would testify to regarding the entire transaction at their office, it was his own fault. Any sort of diligence before trial would have disclosed the evidence. Moreover, defendant was fully advised during the trial, what the claim made by plaintiff with reference to these transactions was, and if he was surprised by the testimony regarding what took place, he should have asked for a continuance. Defendant claimed that at this time he received instructions to place the deed for the Cook county property of record, and knew that what was said at that time was important to his case. He made no inquiry of the witnesses as to what was then and there said until after the verdict was returned, although one of the witnesses to the transaction was present at the trial and was used by him upon another matter. Surely, in the face of this record, the trial court did not err in denying the motion for a new trial.

No prejudicial error appears, and the judgment must be, and is, *affirmed*.