Strafford,
May 5, 1908.

MORAN *v.* DOVER, SOMERSWORTH, AND ROCHESTER STREET
RAILWAY CO..

Where the evidence in an action for personal injuries discloses the nature and extent of medical treatment required by the plaintiff, but is silent as to the value or cost of the physician's services, the jury may avail themselves of their common knowledge and experience in determining the expense properly and reasonably incurred in effecting a cure.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. Transferred from the September term, 1907, of the superior court by *Stone*, J.

There was evidence that the plaintiff employed physicians to treat her for the injuries, and of the nature and extent of the treatment, but none as to the value or cost of the services. The defendant's request that the jury be instructed " that upon the evidence there could be no recovery for medical attendance and services of the physicians who treated the plaintiff " was denied, subject to exception.

*Kivel & Hughes*, for the plaintiff.

*Samuel W. Emery* (of Massachusetts), for the defendant.

PEASLEE, J. So far as a fact in issue is one upon which men in general have " a common fund of experience and knowledge,"

the jury may use this information in making up their minds. 4 Wig. Ev., *s.* 2570. Such knowledge dispenses with the necessity for introducing evidence on the subject. It is also said that "the scope of this doctrine is narrow; it is strictly limited to a few matters of elemental experience in human nature, commercial affairs, and every-day life." *Ib.*

It is apparent that the rule laid down cannot be applied with mathematical exactness. Upon the particular question involved in this case, the courts are divided. A considerable number hold with more or less strictness to the theory that the value of the services of a physician must be shown by evidence. *Brown* v. *White,* 202 Pa. St. 297; *Hobbs* v. *Marion,* 123 Ia. 726; *Nelson* v. *Railway,* 113 Mo. App. 659; *Houston etc. R. R.* v. *Garcia,* (Tex.) 90 S. W. Rep. 713. Compare with these cases the following: *Kelley* v. *Mayberry,* 154 Pa. St. 440 (jurors allowed to estimate the value of a wife's services to her husband); *Northern etc. Co.* v. *Mullins,* (Tex.) 99 S. W. Rep. 433 (jurors allowed to take into consideration the fact that future medical attendance would probably be necessary); *Murray* v. *Railway,* 101 Mo. 236 (jurors allowed to find the value of the services of a nurse, the measure being "their own knowledge and experience").

In other jurisdictions the rule is that jurors "have some knowledge in common with men in general as to the charges ordinarily made by physicians for attendance and services," and that they may avail themselves of that knowledge "for the purpose of determining what sum the plaintiff should have by reason of the expense he has properly and reasonably incurred in endeavoring to effect a cure." *McGarrahan* v. *Railroad,* 171 Mass. 211, 217, 220; *Scullane* v. *Kellogg,* 169 Mass. 544; *Feeney* v. *Railroad,* 116 N. Y. 375; *Western Gas Co.* v. *Danner,* 97 Fed. Rep. 882.

The latter ruling appears the more reasonable, and is in accordance with the practice at *nisi prius* in this state. It would be difficult to conceive of a matter with which all men are more certainly called upon to deal than the employment and payment of a physician. Knowledge on the subject of doctors' bills is as general as upon almost any question of every-day life.

If more satisfactory proof was available, it might have been produced by the defendant, had it not preferred to allow the case to rest here; and the fact that other evidence was not introduced by the plaintiff was legitimate ground for argument that probably the bills were of small amount. *Boucher* v. *Larochelle, ante,* 433.

*Exception overruled.*

All concurred.