Hillsborough, }
Nov. 8, 1916. }

HASSAN OSMAN *v.* W. H. McELWAIN COMPANY.

CASE, for negligence. Trial by jury and verdict for the defendants. The defendants were subject to, and had not accepted the provisions of, the employers' liability act. The plaintiff was injured while in the employ of the defendants in their tannery, and while at work on certain vats. The jury took a view of the premises where the accident occurred. The plaintiff's evidence tended to prove that at the time of the accident he was at work toggling hides on a wet, slippery floor, two feet from an uncovered vat filled with poisonous liquid; that the floor was on a level with the top of the

vat; that a reeling machine which he had been working with, and had left north of the vat where he was working, started, owing to its defective condition, and ran down the track, and hit him on the back, as he was stooping over, so that as he turned around to stop the machine, he was knocked into, or slipped and fell into, the vat; that there was a cover with which to cover the vat into which the plaintiff fell, and that, before he began toggling the hides, he went to cover up the vat but his boss told him to leave it uncovered. The plaintiff in his opening claimed that the reel was defective, and that the place where the plaintiff was required to work was not reasonably safe, by reason of the wet, slippery floor, and the uncovered vats. The same grounds of negligence were also urged in the plaintiff's argument to the jury. The court instructed the jury that unless the plaintiff was pushed into the vat by the reel, and that the reel was defective, their verdict must be for the defendants.

The court required the jury to answer the following question: "Was the plaintiff pushed into the vat by a defective reel?" And instructed them that, if their answer to this question was in the negative, their verdict should be for the defendants. The plaintiff excepted to the charge as follows: "The plaintiff excepts to that portion of the charge which limits the plaintiff's right to recover to a defective instrumentality, viz., to a defective reel; and to the specific instructions near the end of the charge that unless the special question which is submitted is answered in the affirmative, the verdict should be for the defendant." Transferred from the January term, 1916, of the superior court, by *Branch*, J.

*Taggart, Burroughs, Wyman & McLane* (*Mr. Wyman* orally), for the plaintiff.

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the defendants.

PLUMMER, J. The instructions of the court, to which exception was taken by the plaintiff, required the jury to return a verdict for the defendants unless they found that the accident was caused by a defective reel. If the reeling machine was not defective, and the defendants were not in fault because it came down, and struck the plaintiff, still this would not relieve them from liability, if they were negligent in not providing a reasonably safe place for the plaintiff to work, and their negligence caused the accident, or contributed

to cause it.   *Ela* v. *Company*, 71 N. H. 1; *Sirois* v. *Henry*, 73 N. H. 148; *Hamel* v. *Company*, 73 N. H. 386; *Vaisbord* v. *Company*, 74 N. H. 470.   The plaintiff urges that there was evidence from which the jury could have found that the defendants were negligent in failing to furnish for him a reasonably safe work-place, and that such negligence caused or contributed to cause the accident.   There was evidence that the plaintiff was required to toggle hides on a wet, slippery floor within two feet, and on a level with the top, of an un-covered vat filled with poisonous liquid; that the plaintiff just before the accident had taken all the hides from this vat, and that he undertook to cover it with a cover provided for that purpose, before he began to toggle hides near the edge of the vat, but was stopped from doing so by his boss.   This evidence would have justified a finding by the jury that the place where the plaintiff was called upon to work was not reasonably safe.   The defendants say that there was no evidence that slippery floors and uncovered vats were not necessary in carrying on a tannery, or that they were not essential at the time of the accident, and therefore that the de-fendants' negligence upon this phase of the case could not be found.

Whatever may be said as to the necessity of having slippery floors or uncovered vats in a tannery, the defendants were bound to provide a reasonably safe place for the plaintiff to work, and it cannot be said as a matter of law, that a wet, slippery floor near the edge of an open vat filled with poisonous liquid, is such a place. Moreover there was evidence that the vat into which the plaintiff fell was not in use when the accident occurred, and there is no ap-parent reason why it should not have been covered, and on the plaintiff's evidence it would have been, and the accident undoubt-edly prevented, but for the interference of the defendants' overseer. Besides hearing the testimony as to the accident and the condition of the premises, the jury saw the place of accident, and the view might have furnished additional evidence of the defendants' negli-gence.   It is contended by the defendants that it did not appear that the condition of the premises contributed to cause the accident, and consequently, if it could be found that the defendants were negligent in respect to their premises, that would not render them liable in this action.   The plaintiff testified that the reel came down, and hit him on the back, that he turned around to stop the machine, and slipped and fell into the vat.   If the plaintiff had not been stand-ing on a wet, slippery floor when the reel struck him, it is probable that he would not have slipped when he turned to stop the machine;

even if he had slipped and fell, he would not have gone into the vat, if it had been covered. It could be found on the evidence that the wet, slippery floor and uncovered vat contributed to cause the accident. As it could be found that the defendants were negligent in not providing a reasonably safe work-place for the plaintiff, and that this negligence contributed to cause the accident, the right of the plaintiff to have the question of the defendants' due care respecting their premises submitted to the jury cannot be doubted.

*Exception sustained.*

All concurred.