## DANIEL CASHMAN'S CASE.

Suffolk. March 14, 15, 1918. — June 26, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act,* Who is employee, Terms of policy.

In a claim for compensation under the workmen's compensation act for an injury by a heavy weight falling on the claimant's leg while he was superintending the moving of machinery to be set up in a factory, it appeared that the work was being done by a corporation, of which the claimant was the president and a director and the owner of one half of its capital stock. The corporation carried on the business of a partnership, consisting of the claimant and his brother. The claimant's brother was the treasurer of the corporation and owned the other half of the capital stock. A policy of insurance under the workmen's compensation act insured the brothers both as a corporation and as individuals. The policy provided that "If the subscriber is a corporation, the remuneration of the president . . . actually engaged . . . in the personal superintendence of, the manual or mechanical operations" should not be included in the insurance unless such president's "entire remuneration is included in the declarations hereinafter contained and upon which the premium for this policy is computed." The remuneration received by the claimant was excluded in determining the amount of the premium. The policy had been taken out by the claimant's brother as treasurer of the corporation, and the remuneration of the claimant and his brother had been expressly excluded upon their representation "that they were practically a partnership and owned practically all the business." The Industrial Accident Board found that the claimant was an employee and that "the fact that the insurer, for any reason, did not include the earnings of the claimant in its payroll audit, has no bearing upon the rights of the claimant as an employee." An award was made by the board, which was affirmed by a decree of the Superior Court. *Held,* that the decree must be reversed and a decree entered in favor of the insurer, because, assuming that the claimant was an employee of the corporation of which he was the president, his remuneration not being included in the payroll on which the premium was based, his injury was not covered by the policy.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding compensation to Daniel Cashman as an employee of Cashman Brothers Company, a corporation, for an injury received on May 5, 1916, by an eight ton weight falling on his leg when a chain parted in the course of the work of moving machinery to be set up in the factory of Gray and Davis, Incorporated, at Amesbury.

The case was heard by *J. F. Brown*, J. The evidence is described in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board ordering the insurer to pay to Daniel Cashman the sum of $1,015.71 and the further sum of $10 per week from and after May 16, 1917, to the date of the decree, and after the date of the decree such payment of $10 per week to continue until and unless reviewed and altered by the Industrial Accident Board, the total sum paid not to exceed $4,000. The insurer appealed.

*L. C. Doyle*, for the insurer.

*P. I. Lawton*, for the employee.

CARROLL, J. Daniel Cashman, while superintending the moving of the machinery of the plant of Gray and Davis, at Amesbury, was injured by a heavy weight falling on him, when the chain which held it parted. The work was done by Cashman Brothers Company, a corporation of which the claimant was the president and a director, and of whose capital stock he owned twenty-five shares; his brother, Michael Cashman, was its treasurer and a director, and owned twenty-four shares; the remaining one share was held by their counsel. The policy of insurance under the workmen's compensation act, insured the Cashman brothers both as a corporation and as individuals. The policy provided if the subscriber was a corporation "the remuneration of the president, any vice-president, secretary or treasurer not actually engaged in connection with, or in the personal superintendence of, the manual or mechanical operations described in such declarations need not be included." The remuneration received by the claimant was excluded in determining the amount of the premium. The Industrial Accident Board found that Daniel Cashman was an employee, and "the fact that the insurer, for any reason, did not include the earnings of the claimant in its payroll audit, has no

bearing upon the rights of the claimant as an employee." Compensation was awarded him.

Assuming, but not deciding, that Daniel Cashman might have been found to be an employee under the workmen's compensation act, when he was injured he was engaged in the "personal superintendence, of the manual or mechanical operations" of the corporation. The premium paid was based on the payroll in which his remuneration was not included, and, as he was not within the terms of the policy, he cannot recover.

The business of Cashman Brothers Company was conducted as a partnership. There was evidence that before the issuance of the policy other policies under the workmen's compensation act had been taken out in the name of the corporation, in which the income received by the Cashmans had not been included. Michael Cashman had charge of the financial affairs of the concern, and the greater part if not all of the conversation regarding the policies was between him and the agents of the insurer. The remuneration of Michael and that of his brother were expressly excluded because of their objection and representation, their reason being "that they were practically a partnership and owned practically all the business." Under these circumstances the claimant, who was the president and a director of the corporation and the owner of half of its capital stock, must be presumed to have assented to the contract of insurance made by the treasurer of the corporation who also owned half of its capital stock.

The policy by its express terms does not cover the president while doing the work which Daniel Cashman was doing when injured. The policy provided, "This agreement shall apply only to such injuries so sustained by any person or persons in the service of the subscriber under a legal contract of hire express or implied, oral or written and whose entire remuneration is included in the declarations hereinafter contained and upon which the premium for this policy is computed; such injuries being sustained by reason of the business operations described in said declarations conducted at the places and in the manner therein described. If the subscriber is a corporation, the remuneration of the president, any vice-president, secretary or treasurer not actually engaged in connection with, or in the personal superintendence of, the manual or mechanical operations described in such declarations need not

be included, this policy covering such officers nevertheless." The interpretation of this clause under the circumstances here disclosed is that a president, vice-president, secretary or treasurer, who is injured while actually engaged in the manual or mechanical operations of the corporation, is not included as a beneficiary under the policy, unless his remuneration has been included as the basis of the premium to be paid on the policy, and the workmen's compensation act cannot be construed so as to afford the claimant compensation contrary to this agreement.

While insured as an individual, he was an employer and could not claim compensation as an employee. Assuming he was an employee of the corporation of which he was the president, his remuneration not being included in the payroll, it would be manifestly unjust to require the insurer to pay him compensation. See in this connection *Monitor Mutual Fire Ins. Co.* v. *Buffam,* 115 Mass. 343. In *Cox's Case,* 225 Mass. 220, it was decided that with certain exceptions there mentioned, the workmen's compensation act does not permit an employer carrying on a business which is in substance one business, to become a subscriber as to one part of it and to remain a non-subscriber as to the rest. That case is not applicable to the case at bar. It follows that the decree must be reversed and a decree entered in favor of the insurer.

*So ordered.*