Rockingham,  }
June 29, 1918. }

### WILLIAM CASEY v. FRANK JONES BREWING COMPANY.

An employee in a brewery may maintain an action against his employer upon Laws 1911, c. 163 for injuries received from a sliver of iron on the hoop of a barrel which the plaintiff was rolling, there being evidence that the defendant should have discovered and remedied the defect.

Though there is no direct testimony as to pain suffered from an injury, damages may be awarded for such pain as is the usual accompaniment of such an injury.

.CASE, under Laws 1911, c. 163, to recover for injuries suffered by the plaintiff while employed in rolling barrels of ale across a cellar in the defendant's brewery.   Trial by jury and verdict for the plaintiff.   The injury was caused by a sliver of iron which projected from a hoop on a barrel.   The sliver appeared old and rusty, and the barrel was not roughly handled after it passed from the control of those whose business it was to inspect and repair it.   The defendant excepted to the denial of its motion for a nonsuit and to certain instructions given to the jury.   Transferred from the May term, 1917, of the superior court by *Sawyer*, J.

*Ralph C. Gray* and *Ernest L. Guptill*, for the plaintiff.

*Charles H. Batchelder* and *John L. Mitchell*, for the defendant.

PEASLEE, J.   The defendant's claim that it is not liable under Laws 1911, chapter 163, because at the time of the accident the

plaintiff was not working upon or in proximity to power-driven machinery, is based upon a misconception of the first opinion in the Lizotte case, 78 N. H. 354. The later decision in that case makes it certain that liability under the act is not so limited. *Morin* v. *Company*, 78 N. H. 567.

The defendant also argues that there was no evidence of its fault in permitting the hoop on the barrel the plaintiff was handling to be in a dangerous condition. There was evidence that the defendant provided for more or less inspection to discover such defects, that the sliver which injured the plaintiff was rusty, and that the barrel had not been subjected to rough usage after it left the custody of those who were supposed to put it in order. This affords a substantial basis for a finding that the defect existed, and should have been discovered and remedied, before the barrel was delivered to the plaintiff.

The defendant also excepted to the charge upon the ground that there was no evidence as to pain suffered or likely to be suffered by the plaintiff. The injury consisted of a wound in the hand from which septic poisoning resulted, necessitating the amputation of the hand and a part of the forearm. There was no testimony on the subject of pain, but it must be evident that it is a usual and ordinary accompaniment of such an injury. It is a matter of common knowledge that old scars are often sensitive, and that amputation is frequently followed by suffering and discomfort for a long period of time. If damages had been asked upon the ground of unusual suffering, the defendant's position would be well taken and the authority it relies upon (*Jewell* v. *Railway*, 55 N. H. 84) would be applicable. But the instruction to which exception was taken did not submit that proposition. It merely left the matter to the jury upon the general question. In this situation the jury were to use the knowledge of the subject they possess in common with men in general. *Moran* v. *Railway*, 74 N. H. 500; *Wheeler* v. *Contoocook Mills*, 77 N. H. 551. If the defendant's position was that the plaintiff did not and would not suffer any pain, it could have inquired of him, or introduced other evidence upon the subject. It was also open to counsel to argue the absence of suffering from the fact that the plaintiff failed to produce testimony to show its existence. *Boucher* v. *Larochelle*, 74 N. H. 433.

*Exceptions overruled.*

All concurred.