Hillsborough, }
Dec. 2, 1919. }

### JOHN REGNIER v. ORLANDO H. RAND.

An employee is entitled to the benefit of the employers' liability act (Laws 1911,
c. 163) if he was engaged in manual or mechanical labor and any part of his
work was done in proximity to hoisting apparatus or power-driven machinery
and if five or more persons engaged in manual or mechanical labor were em-
ployed in or about the shop, etc., in which he worked.
Negligence of an employer in leaving a saw unguarded may be inferred from
the fact that the employee's work required him to stand near it.

CASE, for negligence. The plaintiff, who worked in the defendant's
sawmill, struck his hand against an unguarded slab saw. There
were four other men engaged in manual labor, employed in and
about the mill. The question whether the plaintiff is entitled to the
benefit of Laws 1911, c. 163, was transferred without a ruling by
*Allen*, J., from the January term, 1919, of the superior court.

*James E. Banigan* and *Samuel J. Dearborn* (*Mr. Banigan* orally),
for the plaintiff.

*Warren, Howe & Wilson* (*Mr. Howe* orally), for the defendant.

YOUNG, J. The fact the plaintiff's work required him to stand
very near a saw would warrant a finding that the defendant was
negligent in leaving it unguarded. *Osman* v. *Company*, 78 N. H.
597. Whether the plaintiff is entitled to the benefit of Laws 1911,
c. 163, ss. 1, 2, depends on what the legislature intended when it
enacted c. 1, *sub. div.* (b). The language the legislature used is all
the evidence there is relevant to that issue, and in so far as that is
material to the question we are considering, section one reads as
follows: "This act shall apply only to workmen engaged in manual
or mechanical labor in the employments described in this section,
which, from the nature, conditions or means of prosecution of such
work, are dangerous to the life and limb of workmen engaged therein,
because in them the risks of employment and the danger of injury
caused by fellow servants are great and difficult to avoid. . . .
(b) Work in any shop, mill, factory or other place on, in connection
with or in proximity to any hoisting apparatus, or any machinery
propelled or operated by steam or other mechanical power in which

shop, mill, factory or other place five or more persons are engaged in manual or mechanical labor." Laws 1911, c. 163, s. 1.

If this language is given its ordinary meaning, s. 1 is intended to describe the employments in which a person must be engaged to entitle him to the benefit of the act, and the office of *sub. div.* (b) is to delimit the number of persons the master must employ and the kind of work in which they must be engaged and not a danger to which they must be exposed, to entitle them to the benefit of the act. *Boody* v. *Company*, 77 N. H. 208, 212. In short, the test to determine whether an employee is entitled to the benefit of the act is to inquire whether (1) he was engaged in manual or mechanical labor, (2) any part of his work was done in proximity to hoisting apparatus or power-driven machinery, *Morin* v. *Company*, 78 N. H. 567, and (3) whether five or more persons engaged in manual or mechanical labor were employed in and about the mill, etc., in which he worked.

*Case discharged.*

All concurred.