In the Matter of the Claim of FRANK L. KOLPIEN, Respondent, *v.* O'DONNELL LUMBER COMPANY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — award to officer of corporation for injury received while engaged in manual labor reversed where findings fail to show that he did not perform duties as officer or that compensation was received by him in capacity of employee.**

An award, under the Workmen's Compensation Law, to the president and treasurer of a corporation who held a majority of its stock but was also " employed " as manager, in which capacity he performed manual labor and while so engaged was injured, will be reversed and

the claim remitted to the industrial commission for a rehearing where the findings fail to show that he did not discharge any duties as president or treasurer or that his compensation was received by him in his capacity as employee. (*Matter of Skouitchi* v. *Chic Cloak & Suit Co.*, 230 N. Y. 296, followed.)

*Kolpien* v. *O'Donnell Lumber Co.*, 191 App. Div. 764, reversed.

(Argued January 10, 1921; decided March 1, 1921.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 20, 1920, unanimously affirming an award of the state industrial commission made under the Workmen's Compensation Law.

*D. Theodore Kelly* and *Howard B. Harte* for appellants. The claimant as president, treasurer and principal executive officer of the employer corporation, which employs workingmen in carrying on a hazardous occupation, is not entitled to benefits of the Compensation Law. (*Bowne* v. *Bowne Co.*, 221 N. Y. 28.)

*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for respondent. Claimant had the same rights and remedies as an employee. (L. 1916, ch. 622.)

HISCOCK, Ch. J. The findings in this case are to the effect that the claimant was president and treasurer of a corporation and held a majority of its capital stock; that he was president and treasurer and also " employed " as manager, in which latter capacity he performed manual labor such as an ordinary employee might perform and that it was while engaged in the performance of these duties that he was injured; that his " average weekly wage   *   *   *   was the sum of $46.16."

Much that has been said in the case of *Skouitchi* v. *Chic Cloak & Suit Company, Inc.*, decided herewith, is applicable to the present claim and its repetition is unnecessary. The extent of the claimant's stockholdings, however, is much more important that in the *Skouitchi*

case and there is no finding that he did not discharge any duties as president or treasurer or that his very substantial compensation was received by him in the capacity of employee. If indeed we were permitted to look to the evidence for the purpose of trying to find testimony sustaining an additional finding that his wages were thus received, we should find to the contrary that he received a salary of $2,500 a year as president and as manager.

Under these circumstances we think that the award must be reversed and the claim remitted to the industrial commission for a rehearing and further findings, with costs to abide event.

HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.