Carroll, }
May 5, 1925. }

### DANA J. BROWN, *Adm'r, v.* CONWAY ELECTRIC LIGHT & POWER COMPANY.

The treasurer and general manager of an electric company, injured while present at and directing repair work, but himself at the time doing no manual or mechanical labor, is not entitled to the benefit of the workman's compensation act.

PETITION IN EQUITY, under Laws 1911, *c.* 163. The plaintiff's intestate was electrocuted while present· at and in control of some work at a transforming station of the defendant. He was the defendant's treasurer and general manager. A decree awarded compensation. The defendant excepted to the denial by *Kivel*, C. J., of its motion to dismiss the petition. Further facts appear in the opinion.

*George T. Hughes* (by brief and orally), for the plaintiff.

*William J. Britton* (by brief and orally), for the defendant.

ALLEN, J. The exception presents the inquiry whether there was sufficient evidence to sustain an award of compensation. The plaintiff's position is understood to be that the evidence warrants a finding that the decedent as the defendant's general manager was engaged in labor at the time of his fatality which brought him within the application of the act, or, if the evidence does not support such a finding, it tends to show that the decedent was then acting in a dual capacity and as general manager had assigned to himself work of manual or mechanical character in the undertaking on hand and which he was engaged in doing.

The act applies "only to workmen engaged in manual or mechanical labor" in certain employments (Laws 1911, *c.* 163, *s.* 1) injured "by accident arising out of and in the course of the employment." *Ib.*, *s.* 2. It follows that unless the decedent was such a workman and so injured, his dependents are not entitled to the benefit of the act. If an officer or executive agent of an employer has no duties of manual or mechanical labor, the act does not constitute him a workman within its provisions.

While the act is liberally construed (*Lizotte* v. *Company*, 78 N. H. 354; *Morin* v. *Company*, 78 N. H. 567; *Mulhall* v. *Company*, 80 N. H. 194), "it cannot be given 'a meaning plainly repugnant to its terms.'" *Lizotte* v. *Company, supra.* Much less can a meaning be given which is not only inconsistent with its terms but also outside of its purpose and spirit. Situations not within its object are not to be included and embraced within its terms unless the language admits of no other meaning.

Officers and executive agents do not have the occasion for the benefit of the act which ordinary workmen have, and the legislation was not passed in their interest. Their need of such relief as the act gives is negligible compared with the need of ordinary workmen and the latters' dependents. The economic and industrial history on account of which such legislation has been promoted calls for no or but slight protection in favor of such service.

The phraseology of the act confirms its essential purpose as to those who may enjoy its benefit. The language is of exclusion and not of inclusion. The limitation of its application to "workmen engaged in manual or mechanical labor" refutes argument that officials and executive agents come within its shelter. Their expressed exclusion would hardly make the act clearer and more definite. While such persons render service, the service is of a kind outside of the act. Neither its purpose nor its terms place control and management on the same footing with work done subject thereto.

The exclusion of an employer's officers and executive agents having no duties as workmen from the benefit of compensation acts is supported by authority. Recognition is made of the principle that such persons may at the same time be acting in a dual capacity with the status of both agent and employee, and in the latter capacity be within the application of the legislation. The question resolves itself into one of construction of the particular statute under which relief is sought, and differences of wording in the different statutes make some difference in the scope of their benefits. But the

weight of authority gives general support to the distinctions herein made. *Skouitchi* v. *Company,* 230 N. Y. 296; *Kolpien* v. *Company,* 230 N. Y. 301; *Hubbs* v. *Company,* 230 N. Y. 303; *Bowne* v. *Company,* 221 N. Y. 28; *In re Raynes,* 66 Ind. App. 321; *Hurst* v. *Hunley,* 141 N. E. Rep. (Ind.) 650; *Miller's &c. Underwriters* v. *Cook,* 229 S. W. Rep. (Tex.) 598; *Southern &c. Co.* v. *Childers,* 87 Okl. 261.

As the defendant's treasurer and general manager the decedent was in immediate charge of the defendant's business. He gave such time to it as it required. For a number of years he had on isolated occasions done casual work such as an ordinary workman would do. For this he received no compensation except as it was covered by his salary. The evidence showed no work of such character during the three years preceding his death. His salary was fixed and did not vary according to the extent or nature of services rendered. It was small in amount, being $300 annually and payable monthly. He owned over one-third of the defendant's capital stock.

On the day of his death, hearing there was trouble in the functioning of some newly installed transformers, he went to the locus to see about it and took some consultive part in the work being done, to ascertain and correct the trouble. While standing in the enclosure where the transformers were set up, and watching the course and progress of the work, in some undisclosed way his arm came in contact with an electrically charged connection, with fatal result.

Upon the evidence it is impossible to find that the decedent was engaged in manual or mechanical labor at the time of his fatality. If an executive agent's duties may include such labor, no such situation is here presented. While control and management may involve physical conduct, it would be a strained and forced construction to give them the character and attribute of manual labor on that account. The physical acts are incidental to such service and do not alter or affect its nature. The decedent's acts of going to the locus and there inspecting and watching the work were only an expression of his service of management, and made no change in or addition to his relationship with the defendant. They constituted no distinctive engagement and did not extend or broaden his official or representative status. They were no more a workman's labor than was the control of the work.

Nor can it be found that he was acting at the time in a dual capacity both as manager and workman. He was not at the locus as a workman. In such inspection of the work as he made and in such direction of the work as he gave he took no part in the actual

work done.   Neither with nor without tools did he perform any labor that can be called manual or mechanical.   He had no duty of that kind.   He was present only representing the employer as its delegated agent in charge of the work and not as an employee under direction.   There is nothing to indicate he had any purpose to do an employee's work.   If he might have assumed the role of a workman, the fact remains that he did not do so, and it is conjectural to say he had any purpose of readiness to act as one.   That he had in previous years casually acted as one indicates no assumption of such a position on the occasion in question, when the work was different in character and when the help on hand for the undertaking appears to have been all that was needed.   What he did and all he did and all he was present to do was in pursuance of his managerial agency. Since he was not acting or present as a workman but only as manager, and since his duties of management included no manual or mechanical work at the time, the act is not applicable.

The result renders consideration of the other exceptions unnecessary.

*Exception sustained: petition dismissed.*

All concurred.