## ALBERTA EMERY'S CASE.

Essex.    March 4, 1930. — March 24, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, To whom act applies. *Corporation*, Officers and agents. *Agency*, Existence of relation. *Words*, "Employee."

In proceedings under the workmen's compensation act, the claimant testified that he was a stockholder of a corporation, the subscriber, and for a time worked in its office; that thereafter, on account of business conditions, he went to work in the shop of the corporation and was carried on the payroll at a certain salary; and that he was injured while at work at a machine. There was evidence that the claimant was treasurer of the corporation. The Industrial Accident Board found that the claimant "took upon" himself the duties of a "workman" and was carried on the books as such; and that he was an employee of the corporation at the time of his injury. *Held*, that

(1) The claimant properly could be found to have been an employee of the corporation within the meaning of G. L. c. 152, § 1 (4), although he also was an officer and stockholder;

(2) The finding that the claimant "took upon" himself the duties of a "workman" was not, in the circumstances, inconsistent with the existence of a "contract of hire" within the terms of said § 1 (4);

(3) The finding, that the claimant was an employee of the corporation at the time of his injury, was warranted.

The policy issued to the corporation above described provided that the premiums should be based on the entire remuneration earned by all employees, excepting the remuneration of officers, but including the remuneration of any officers who actually should perform a workman's duties; and that the premium estimated at the time of issue should be adjusted later on the basis of the remuneration actually earned by the employees. It appeared that the insurer issued the policy before the claimant went to work in the shop; that the premium then was estimated upon an audit which excluded remuneration to the claimant; and that, at the time of the hearing before the board, no audit for the purpose of adjusting the premium had been made. The board found that the claimant "was expressly included within the terms of the policy" at the time of injury. *Held*, that

(1) Although the claimant's remuneration was excluded at the time the policy was issued, it could have been found that, if he later performed a workman's duties, his remuneration therefor should be included upon final adjustment of the premium;

(2) The board's finding was warranted.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to Alberta Emery.

Material evidence and findings by the board are stated in the opinion. In the Superior Court, a decree was entered by order of *F. T. Hammond,* J., in accordance with the board's decision. The insurer appealed.

*M. A. Cregg & H. A. Cregg,* for the insurer, submitted a brief.

*G. Karelitz,* for the claimant.

FIELD, J. In this proceeding under the workmen's compensation act, G. L. c. 152, a decree was entered in the Superior Court ordering the payment of compensation for partial incapacity for work to the claimant, Alberta Emery, as an employee of the National Wood Heel Company, a corporation, and the insurer appealed.

The insurer states that the "only issue in this case is whether the said Alberta Emery may be found to be an employee under the workmen's compensation act when at the time of the injury she, as a stock holder and treasurer of the corporation, was engaged in the manual and mechanical operation of a machine owned by the corporation, and when at said time the remuneration received by the said

Alberta Emery was not included in the audit upon which the premium was computed."

The findings of the reviewing board upon this issue were as follows: "Alberta Emery, was an employee of the corporation . . . of which she was a stockholder; . . . she was expressly included within the terms of the policy of insurance . . . ; . . . toward the latter part of June, 1928, she took upon herself the duties of a 'workman' within the meaning of Paragraph A of the policy of insurance, working in the 'turning room' on a hand-concaving machine until September 19, 1929, (during which time she was carried on the books of the corporation as a 'workman' at a weekly wage of $30) when the knife connected with the machine took off the end of her left middle finger . . . ; . . . this injury arose out of and in the course of her employment; . . . " The reviewing board made no finding as to the claimant being the treasurer of the corporation.

If these findings were warranted by the evidence the decree entered thereon was proper. No one of them is inconsistent with the finding that the claimant "was an employee of the corporation." According to the statutory definition, the word "employee" includes "every person in the service of another under any contract of hire, express or implied, oral or written," with exceptions not material here. G. L. c. 152, § 1 (4). Holding stock or office in a corporation is not necessarily inconsistent with being an "employee" thereof. *Dewey* v. *Dewey Fuel Co.* 210 Mich. 370. *Skouitchi* v. *Chic Cloak & Suit Co.* 230 N. Y. 296. *Hubbs* v. *Addison Electric Light & Power Co.* 230 N. Y. 303. Compare *Kolpien* v. *O'Donnell Lumber Co.* 230 N. Y. 301. In the absence of special circumstances, a stockholder or officer of a corporation in its service is "in the service of another" within the meaning of the statute, since the corporation is a legal entity distinct from any of its stockholders or officers. *McAlevey* v. *Litch*, 234 Mass. 440, 441. *Star Brewing Co.* v. *Flynn*, 237 Mass. 213, 217. There is nothing contrary to this principle in *Cashman's Case*, 230 Mass. 600. See, however, as to a partnership, *Ellis* v. *Joseph Ellis & Co.* [1905] 1 K. B. 324, 328, 330. The finding that the claimant "took upon herself

the duties of a 'workman,'" read in connection with the finding that "she was carried on the books of the corporation as a 'workman,'" is not inconsistent with the existence of a "contract of hire." The finding that "she was expressly included within the terms of the policy of insurance" distinguishes the case from *Cashman's Case, supra,* which was decided in favor of the insurer on the ground that the claimant there was excluded from the policy because his remuneration was not considered in determining the premium to be paid.

The evidence warranted the findings of the reviewing board. The claimant testified, in substance, as follows: At the time of the accident she owned seventy-four shares in the corporation, her husband, two shares, and one Eliot seventy-four shares. Her husband did not work for the corporation. She "was employed by the National Wood Heel Company and at the time of her injury . . . was receiving $30 a week." She worked in the office up to June, 1928. In the latter part of that month, on account of business conditions, she went to the "turning room" and ran a "hand concaving machine" until she was injured. She went to work there after consulting with Eliot. She "took on the job she wanted" to and "was on the payroll." The report of the accident gave her occupation as "Treasurer of the Corporation," but there was no other testimony to this effect. From this and other evidence the inference was warranted that the claimant, when injured, was running the machine as an "employee" of the corporation, and that her weekly wage was paid to her as such "employee" and not as a stockholder or officer. The evidence does not show special circumstances which preclude a finding that she was an "employee." This is true even if the statement in the report of the accident that she was treasurer of the corporation is accepted as correct. See *Dewey* v. *Dewey Fuel Co. supra. Hubbs* v. *Addison Electric Light & Power Co. supra.*

The finding that the claimant "was expressly included within the terms of the policy of insurance" was justified.

The policy covered the period from May 28, 1928, to May 28, 1929. It provided that it should apply to "injuries . . . sustained by the President, any Vice-President, Secretary or Treasurer of this Employer, if a corporation," and that the "premium is based upon the entire remuneration earned . . . by all employees . . . ; excepting however the remuneration of the President, any Vice-President, Secretary or Treasurer of this Employer, if a corporation, but including the remuneration of any one or more of such designated officers who are actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman." When the policy was issued the premium was estimated, but it contained a provision for adjustment of premium at the end of the period on the basis of remuneration actually earned by employees. No estimate of remuneration for the treasurer as "workman" was included in the policy as issued, and, according to the claimant's testimony, remuneration for her was excluded from the audit of May, 1928, upon which the estimated premium was based. It did not follow, however, from the exclusion of remuneration for her from this audit and from the estimate, that, if she later performed the duties of a "workman," her wages therefor were to be excluded from the remuneration actually earned, upon the basis of which the premium was to be adjusted at the end of the period covered by the policy. According to the evidence her wages as a "workman" were included in the corporation payroll. At the time of the hearing no audit for the purpose of adjusting the premium had been made, but it could have been found that, according to the terms of the policy, in such an adjustment her wages should be included in the remuneration actually earned, and that she was covered by the policy. In this respect the case differs from *Cashman's Case, supra.*

*Decree affirmed.*