Merrimack,
June 23, 1932.

EDWARD W. WHITE *v.* BOULIA-GORRELL LUMBER CO.

*Peter J. King* and *Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the defendant.

MARBLE, J. The plaintiff was a minor at the time of the accident. A release of all demands against the defendant was executed by the plaintiff's father, who signed the release as the plaintiff's "next friend." This instrument is not a bar to the action. *Roberts* v. *Hillsborough Mills, ante*, 517.

There is no claim that the accident did not arise "out of and in the course of" the plaintiff's employment. P. L., *c.* 178, *s.* 2. Since

that employment exposed the plaintiff at times "to the dangers incident to proximity to machinery" he was an employee under class II of the statute and is "entitled to the benefit of such classification," even though his injury was not caused by a dangerous machine. *Morin* v. *Company*, 78 N. H. 567, 568. See also *Casey* v. *Company*, 79 N. H. 42, 43; *Boody* v. *Company*, 77 N. H. 208.

It is suggested, however, that the statute is inapplicable because the accident did not occur on the defendant's premises. Assuming the legislative purpose to have been correctly interpreted in the cases cited, no intent can reasonably be inferred to restrict the application of the statute to accidents happening within the employer's plant.

The initial inquiry relates to classification, and the words, "work in any shop, mill, factory," etc., are merely descriptive of class II. P. L., c. 178, s. 1, cl. II; *Regnier* v. *Rand*, 79 N. H. 310, 311. It follows that if the circumstances of a workman's employment bring him within that class, he is entitled to compensation under the act whenever and wherever an "accident arising out of and in the course of the employment" may occur.

The trial court found on sufficient evidence that the plaintiff "fell from the height of the truck platform to the ground, some four and one-half feet, receiving an injury to his back." The fact that x-ray photographs disclosed "congenital abnormalities" in the plaintiff's spine did not conclusively prove that the plaintiff failed to receive severe injury. The findings in respect thereto are amply sustained by the evidence.

The court further found that the plaintiff would be totally disabled for a period in excess of three hundred weeks (P. L., c. 178, s. 24) unless he could procure expensive medical treatment, in which event his disability would continue for about two years. Since the accident occurred in 1929 and the plaintiff has been unable to obtain this treatment, consideration of the questions raised by the finding is unnecessary. The plaintiff is entitled to judgment for $2,563.65.

*Exceptions overruled.*

All concurred.