Hillsborough, Oct. 3, 1939. } No. 3093.

NATHAN I. WHITE AND WALTER M. ESPOVICH, *Adm'rs*

*v.*

ARNOLD WOOD HEEL CO.

*Walter M. Espovich* and *W. Stanley Soroka* (both of Massachusetts) (*Mr. Espovich* orally), *pro se*, and for the other plaintiff.

*Thorp & Branch* (*Mr. Branch* orally), for the defendant.

WOODBURY, J. As originally worded the Compensation Act, (P. L., c. 178, s. 1), applied "only to workmen engaged in manual or mechanical labor" in the employments enumerated, one of which was, (*par.* II), "Work in any shop, mill, factory or other place on, in connection with or in proximity to, any hoisting apparatus, or any machinery propelled or operated by steam or other mechanical power in which shop, mill, factory or other place five or more persons are engaged in manual or mechanical labor." These words, we recently held, were not broad enough to extend the benefits of the act to a clerk in a retail department store (*Davis* v. *Company*, 88 N. H. 204) and the plaintiffs admit that this decision controls their case. However, after the decision in the *Davis* case was handed down, the legislature amended section one of the original act, (Laws 1937, c. 159, s. ·1), by striking out the words "only" and "in manual or mechanical labor," and in addition amended paragraph II of

that section so that it is now, and was at the time of the decedent's death, applicable, with exceptions not here material, to "workmen" engaged in "Any industry, enterprise or business in which five or more persons are employed by a common employer." The plaintiffs contend that under the terms of this amendment they are entitled to an award of compensation.

Obviously the legislature in amending section one of the Compensation Act intended to broaden the scope of the earlier statute in three important respects. In the first place it extended the benefits of the act to workmen in general, in the second place it removed the requirement that the employment involve connection with or proximity to "any hoisting apparatus, or any machinery propelled or operated by steam or other mechanical power," and, in the third place, it abandoned the requirement that the employment be "in any shop, mill, factory or other place." Since there can be no doubt under the agreed facts but that the decedent suffered an injury by accident arising out of and in course of his employment, and since there can also be no doubt but that the defendant employed five or more persons in a type of industry which involved physical danger to the persons engaged therein, it follows that the plaintiffs are entitled to compensation under the act as amended if the legislature intended to include persons employed as salesmen within the meaning of the word "workmen" as that word is used standing alone in the amendment.

The plaintiffs contend that this word without the qualifying phrase "engaged in manual or mechanical labor" should be construed as synonymous with the word employees. The defendant, on the other hand, while admitting the broadened scope of the act, contends, first, that the decedent was not a member of the class ordinarily described as "workmen", and second, that the legislature intended the act to continue to apply only to persons peculiarly exposed to the hazards of industry for the reason that in the amendment the legislature retained the wording of the original statute to the effect that it was applicable only to the "employments described in this section, which, from the nature, conditions or means of prosecution of such work, are dangerous to the life and limb of workmen engaged therein, because in them the risks of employment and the danger of injury caused by fellow servants are great and difficult to avoid."

Neither the plaintiffs' nor the defendant's contention is to be adopted in its entirety. Had the legislature intended the word

"workmen" to be read as employees it seems to us clear that in amending the act the legislature would have made this verbal substitution. On the other hand, we cannot adopt the limited definition of the word "workmen" for which the defendant contends because to do so would be to hold that the act is still applicable only to persons who work primarily with their hands and who are directly exposed to industrial hazards and this holding would result in continuing in force the limitations of the original statute which have been expressly repealed.

It is to be noted that the language relied upon by the defendant to show a legislative intention to include within the act as amended only persons employed in what it refers to as extra-hazardous employments is not language descriptive of the nature of an employee's work at the time he is injured (*Boody* v. *Company*, 77 N. H. 208, 209, cited with approval in *Davis* v. *Company*, 88 N. H. 204, 206, and *White* v. *Company*, 85 N. H. 543, 544), but is language used to characterize as dangerous the employments to which the act applies. Originally these attributes of danger were accorded to employment in manual or mechanical labor with four or more others similarly engaged, in a shop, mill, factory or other like place, on or in connection with power driven or hoisting machinery. Now the legislature has seen fit to define as dangerous employment anywhere and, with certain exceptions, upon any work in the capacity of a workman and in conjunction with four or more others. The question of whether or not the language of the amendment was intended to be taken literally and the act applied to industries, enterprises or businesses which in fact involve no hazard to the persons employed therein is a question not presented and expressly left unconsidered. For the purposes of this case it is sufficient to say that the retention of the language of the original act in the amendment serves to redefine the types of employment which the legislature has seen fit to regard as dangerous and that this characterization of danger is applicable to the industry in which the defendant is engaged.

In our opinion the legislature in amending the act intended to accomplish a result somewhere between that contended for by the plaintiffs and that contended for by the defendant. By repealing the phrases in the original statute which describe the type of workmen and the type of work to which it applied, the legislature must have intended that the act should thereafter apply to workers other than those engaged in manual or mechanical labor, and other than those exposed to the dangers incident to employment in a "shop,

mill, factory or other place" where hoisting or power driven machinery is in operation. By retaining the word "workmen", however, it must have intended to still exclude from the benefits of the act employees whose functions are executive.

This distinction between types of employees was pointed out by this court in the case of *Brown* v. *Company*, 82 N. H. 78, in which it was held that "officers and executive agents" of an employer within the act were not entitled to compensation. In spite of the broadening of the act to include non-manual and non-mechanical employees, we are of the opinion that the legislature did not intend to broaden it so far as to wipe out the distinction between employees whose duties are those of workmen and those whose duties are of an executive nature.

The duties of a salesman, whether behind a counter in a store or on the road, do not include the power either to initiate policies or to supervise the labor of others in a broad and general way. On the contrary, the duty of a salesman is to follow the directions of his superiors both as to price and technique of selling. As such the duties are not those of an officer or executive agent, but are more akin to those of a workman, although not of a manual or mechanical nature, and from this it follows that the amendment of 1937 operates to render the rule of the *Davis* case inapplicable here.

The fact that the decedent was the treasurer of the defendant corporation, and as such may have exercised executive functions, does not render the act inapplicable to him. The reason for this is that his injuries did not arise out of and in the course of the exercise by him of those functions. In this respect the situation presented by the facts of the case at bar is the converse of that considered in *Brown* v. *Company, supra*, but in that opinion (*p.* 79), "Recognition is made of the principle that such persons may at the same time be acting in a dual capacity with the status of both agent and employee, and in the latter capacity be within the application of the legislation." Since there is nothing in the agreed facts to indicate that the decedent, in spite of his ownership of half the stock in the defendant corporation and his office of treasurer, was acting at the time of his injury in any other capacity than that of an ordinary traveling salesman subject to superior authority, it follows that his administrators are entitled to an award of compensation.

*Case discharged.*

BRANCH, J., did not sit: the others concurred.