HARRY C. ESTES *v.* GEORGE ARTHUR LEATHERS.

*Chretien & Craig* (by brief), for the plaintiff.

*William H. Sleeper* (by brief), for the defendant.

MARBLE, C. J.   With certain exceptions not here material, the provisions of the Employers' Liability and Workmen's Compensation Act apply to workmen engaged in "any industry, enterprise or business in which five or more persons are employed by a common employer." R. L., c. 216, s. 1, *par.* II. The word "persons" as used in this paragraph is given a restricted meaning and has reference to workmen only. *White* v. *Company*, 90 N. H. 315.

The plaintiff was one of four workmen comprising a mill crew, so called. It was his duty to "roll the logs off the carriage for the sawyer to saw."

Plaintiff's counsel suggest that inasmuch as the defendant owned and operated five portable sawmills in this state, each mill being part of one common enterprise, the members of the mill crews engaged in the operation of all five mills could properly be counted to make up the number of workmen necessary to bring the defendant under the provisions of chapter 216.

Certain compensation acts in other jurisdictions have been given the suggested interpretation. Horovitz, Workmen's Compensation, 185; 2 Schneider, Workmen's Compensation (3d *ed.*), *s.* 593. It is unnecessary, however, to determine the applicability of the rule to the purpose and language of our own statute.

The defendant had in his employ at the mill in Atkinson a regular mill crew of four men together with at least two pitmen, whose duty it was to take from the pit of the mill the boards that had been sawed and stack them. It was not essential, in order for the Act to apply, that all of these employees should work in connection with or in proximity to the saw. *White* v. *Company, supra.* Each was a workman and each was employed by the defendant in the regular course

of the defendant's business of sawing logs. Each could therefore be counted as a person "employed by a common employer" within the meaning of section 1, paragraph II, of the Act.

The defendant's request was correctly denied.

*Judgment on the verdict.*

All concurred.