## DEWEY *v.* DEWEY FUEL CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—RELATION OF EMPLOYEE—OFFICER OF DEFENDANT.

   The fact that deceased was a stockholder and president of defendant company would not alter the fact that he was nevertheless an employee, within the terms of the workmen's compensation act, where it appears that he was regularly employed and paid as a yard man, and at the time he received the injuries which resulted in his death, he was on his way to pile and measure a quantity of wood, in response to the orders of defendant's manager.

2. SAME—EVIDENCE—WILFUL NEGLIGENCE.

   Where deceased employee was struck by an automobile

The question as to who are employees within the meaning of Workmen's Compensation Acts generally, see notes in L. R. A. 1916A, 115, 246; L. R. A. 1917D, 145; L. R. A. 1918F, 201.

while on his way to perform some work on the orders of defendant's manager, evidence *held*, insufficient to show that he intentionally or wilfully put himself in the way of the machine.

3. SAME—RELATION OF ARBITRATOR TO CLAIMANT.

The fact that one of the arbitrators, who was at the time a stranger to plaintiff, later became her attorney, *held*, not in violation of a rule of the industrial accident board excluding as arbitrators persons who are financially interested in the outcome or who are so nearly related to the parties that they may fairly be deemed to be financially interested in the decision.

Certiorari to Industrial Accident Board. Submitted April 14, 1920. (Docket No. 66.) Decided June 7, 1920.

Henrietta E. Dewey presented her claim for compensation against the Dewey Fuel Company for the accidental death of her husband in defendant's employ. From an order awarding compensation, defendant and the Southern Surety Company, insurer, bring certiorari. Affirmed.

*Walter M. Nelson*, for appellants.

*Forrest C. Badgley*, for appellee.

BIRD, J.   Plaintiff claims that her husband, while in the employ of the Dewey Fuel Company, met his death under circumstances which entitle her to an award under the workmen's compensation act. Liability is denied by defendants on the grounds:

(1) That neither the injury nor death of Mr. Dewey was caused by an accident arising out of or in the course of his employment.

(2) That the injury and death were the result of intentional and wilful misconduct.

(3) Because one of the arbitrators was not a disinterested party within the meaning of the rules of the commission.

1. The material part of the testimony bearing upon this question is that plaintiff was a stockholder in, and president of, the defendant fuel company. He served as president without salary. Being unfitted for office or executive work, and desiring to be employed, he accepted a place as an employee in the yard at two dollars per day, and was carried on the pay roll as an employee. He was called a yard man. His work was principally to assist the drivers in loading their wagons at the yard. On the morning of the accident the deceased was ordered by the manager to go to another part of the city, where defendant had some wood stored, to pile and measure a quantity and get it ready for the drivers. On his way there, while crossing a street, he was run into by a passing automobile, knocked down and run over, resulting in injuries which caused his death. The argument of appellants is that the deceased was not an employee within the meaning of the compensation law because he was an employer. And this argument is based upon the fact that he was a stockholder and president of the company.

Had the deceased been engaged at the time in executive work as an officer of the company, and had done this work incidentally to his own there might be some basis for arguing that he did not, as an employee, come within the act, but those were not the facts. The deceased was regularly engaged as an employee with the title of "yard man," doing the work of an employee, paid as an employee, and subject to the orders of the manager as an employee, and when struck by the automobile he was on his way to do some work as an employee in obedience to the orders of the manager. The mere fact that back of this employment he was a stockholder of the company and acted as its president, could not alter the character of his employment. Neither his status as a stockholder,

nor his position as president, obligated him in any way to perform the work of an employee. Had the company not been an artificial person the argument might be more plausible that he was working for himself, but when he was employed by the manager of a legal entity, we think he was employed by *another* within the meaning of the act. Part 1, section 7, of Act No. 10, Extra Session 1912 (2 Comp. Laws 1915, § 5429). The confusion which arises from the closeness of the relation between the deceased and the corporation clears up very rapidly, when one considers that the company had a legal entity which was as distinct as that of the deceased, for the purposes of owning property and controlling its affairs. Our conclusion is that the board was justified in reaching the conclusion it did upon this question.

2. We have read, with some care, the circumstances under which the deceased collided with the automobile, and we see nothing in them in any way indicating that he intentionally or wilfully put himself in the way of the machine.

3. A rule promulgated by the compensation board excludes persons as arbitrators who are financially interested in the outcome of the case, and persons who are so nearly related to the parties that they may be fairly deemed to be financially interested in the decision. Mich. W. C. C. (1916), page 404.

Appellants insist that because Mr. Forrest C. Badgley was one of the arbitrators, and afterwards represented the widow, on appeal, before the accident board, the rule was violated and the award made invalid. It appears from the statement of Mr. Badgley, who is a reputable attorney, that he was invited by appellants to act as an arbitrator in the case, that he accepted and sat with the other arbitrators and joined in the award. That he had had no previous acquaintance with claimant prior to the day the arbitration began,

that he first met her on that day at the arbitration; and that he had never done any business for her. We fail to see how the fact that Mr. Badgley acted for claimant several weeks after the arbitration had ended could have had any influence upon his judgment several weeks prior to that time. Nothing has been made to appear of record that would lead us to any such conclusion. We think the objection is without merit.

Finding no error in the record, the conclusion of the accident board will be affirmed, with costs to the plaintiff.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.