In the Matter of the Claim of MELVIN G. HUBBS, Respondent, v. ADDISON ELECTRIC LIGHT AND POWER COMPANY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — award to officer of corporation for injury received while engaged in manual labor affirmed where findings show that claimant was employed to perform such manual labor and received a certain weekly wage therefor.**

An award under the Workmen's Compensation Law to the secretary and treasurer of a corporation who held a large proportion of its stock, but who was also employed as a general manager, in which capacity he performed manual labor and while so engaged was injured, will be affirmed where findings, conclusive upon this court, show the employment as general manager, the performance of manual services and that for his services in that particular capacity he received a certain weekly wage. (*Matter of Skouitchi* v. *Chic Cloak & Suit Co.*, 230 N. Y. 296, followed.)

*Hubbs* v. *Addison Electric L. & P. Co.*, 191 App. Div. 765, affirmed.

(Argued January 10, 1921; decided March 1, 1921.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 20, 1920, unanimously affirming an award of the state industrial commission made under the Workmen's Compensation Law.

*Edward R. Rayher* for appellant. The manager of a corporation, who is also its secretary and treasurer, who owns eighty-five per cent of its capital stock, dictates its policy, employs and discharges all employees and receives three separate salaries (one as manager, one as secretary and one as treasurer), which he votes to himself, is as such, not an employee, and, therefore, is not entitled to the benefits of the Workmen's Compensation Law if he meets with an accident. (*Bowne* v. *Bowne Co.*, 221 N. Y. 28; *Howard* v. *Howard*, 221 N. Y. 605; *Clemens* v. *Clemens & Grell, Inc.*, 181 App. Div. 911; *Kennedy* v. *Kennedy Mfg. & Engineering Co.*, 177 App. Div. 56; 182 App. Div. 907; *Sharlow* v. *Sharlow Brothers Co.*, 181 App. Div. 963.)

*Charles D. Newton, Attorney-General* (*E. C. Aiken* of counsel), for respondent. The claimant was not only an executive officer but he was the working force in the business and did a large part of the manual work. He was, therefore, entitled to compensation.

Hiscock, Ch. J. In this case it has been found that the claimant owned a large proportion of the capital stock of a comparatively small electric light and power company and was its secretary and treasurer; that he was employed as a general manager and as such " performed manual labor at his employer's plant * * * and away from the plant; "' that his weekly wage as such general manager was the sum of $25.

The decision of this case is largely controlled by what has been said in the *Skouitchi* and *Kolpien* cases, decided herewith. The findings, which are conclusive upon us,

show that the claimant was " employed " as general manager; that in such capacity he performed various manual services such as an ordinary employee might perform and that for his services in this particular capacity he received a certain weekly wage.   In this latter respect the findings differ from those made in the other two cases to which reference has been made in that they show just what his wages were in his capacity of employee. Under these circumstances we think that the award is sustained by the findings and that the order of the Appellate Division should be affirmed, with costs.

HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order affirmed.