(No. 20958.— )
AMANDA STEVENS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, Ltd., *et al.* Defendants in Error.)

*Opinion filed December 17, 1931.*

496

Orr and Jones, JJ., dissenting.

WEST & ECKHART, and SANDERS, CHILDS, BOBB & WES-COTT, (WILLIAM L. BOURLAND, and JOHN NEAL CAMPBELL, of counsel,) for plaintiff in error.

JOHN A. BLOOMINGSTON, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county confirmed an order of the Industrial Commission which set aside an award by an arbitrator of compensation to Amanda Stevens against T. C. Dolan & Co., a corporation, on account of the death of Fred B. Stevens, her husband, caused by accidental injuries received by him while in the employ of Dolan & Co. On the petition of Mrs. Stevens a writ of error was awarded to review the judgment of the circuit court.

There is no question of fact in the case, and the question of law on which the decision depends is whether, on the established facts, the deceased was an employee of T. C. Dolan & Co. entitled to the benefit of the provisions of the Workmen's Compensation act. The following is a statement of the facts:

Dolan & Co. is a corporation which was organized in 1907 by T. C. Dolan and Fred B. Stevens, who had for three or four years been conducting the business to which the corporation succeeded. The capital stock consisted of one hundred shares, of which Dolan owned fifty, Stevens

forty-eight, and Fred B. Stevens, Jr., his son, two. Dolan was president, Stevens secretary and treasurer, and the three stockholders were the directors. The business of the corporation was conducted in a building about twenty feet wide at 2953 West Lake street, in Chicago, on the south side of the street, between Francisco and Sacramento streets, and was that of a printing shop. The corporation had four presses and a power cutter, stitching machine and the necessary amount of type. The printing presses were operated by electrically-driven motors and the cutter was also operated by electricity. The corporation was therefore under the Workmen's Compensation act, (*Field & Co.* v. *Industrial Com.* 305 Ill. 134,) and it carried workmen's compensation liability insurance. Dolan and Stevens did all the mechanical work of the corporation and each received $25 a week as wages for his work. Stevens was a type-setter. He set the type, locked it in the forms and turned them over to Dolan, who was a printer or pressman. Stevens looked after the books and they both went out soliciting and collecting. Neither received any salary beyond his wages, $25 a week. Prior to the last three years dividends were declared and paid according to the shares held. For the last three years no dividends were declared. During those years wages were paid out of the reserve in the bank. That was done when they could not make it from the business. The General Accident, Fire and Life Assurance Corporation, Ltd., which had issued a policy insuring the liability of Dolan & Co., was made a party to the application for compensation under section 28 of the Workmen's Compensation act. On November 15, 1928, Dolan gave Stevens a bill to collect from a debtor of the corporation about four blocks away, and Stevens went to the debtor's place of business for that purpose. While returning from this errand he was struck by an automobile and died from the injury. The accident clearly arose out of and in the course of the corporation's business in which Stevens was engaged, and if

the relation of employer and employee existed between them his widow was entitled to compensation.

The only circumstance which has any tendency to distinguish this from the ordinary case of employer and employee or master and servant is the fact that Stevens was a stockholder and director and held the office of secretary and treasurer of the corporation. Section 5 of the Workmen's Compensation act declares that "the term employee as used in this act shall be construed to mean * *· * Second, every person in the service of another under any contract of hire, express or implied, oral or written." Stevens was included within the terms of this definition. The act applies automatically not only to the corporation but to all its employees, regardless of the kind of work in which they may be engaged. *Illinois Publishing Co.* v. *Industrial Com.* 299 Ill. 189; *McNaught* v. *Hines,* 300 id. 167; *Porter Co.* v. *Industrial Com.* 301 id. 76 ; *Ascher Bros.* v. *Industrial Com.* 311 id. 258.

It is well established that the directors of a corporation cannot receive compensation for the performance of their duty as directors or as officers of the corporation unless compensation is provided for by a by-law or resolution of the board of directors before the services are rendered. This rule applies to a director who is the president, vice-president, secretary or treasurer of a corporation, but it does not apply to a director or officer who has performed necessary services entirely outside the scope of his duties as a director or officer, at the instance of the officers of the corporation having general authority over the affairs of the corporation, under an express promise of payment for such services or under such circumstances as raise an implied promise to pay for them. *Rockford, Rock Island and St. Louis Railroad Co.* v. *Sage,* 65 Ill. 328; *Cheeney* v. *Lafayette, Bloomington and Mississippi Railway Co.* 68 id. 570; *Holder* v. *Lafayette, Bloomington and Mississippi Railway Co.* 71 id. 106; *Chicago Macaroni Co.* v. *Bog-*

*giano,* 202 id. 312; *Pew* v. *First Nat. Bank,* 130 Mass. 391; *Fitzgerald & Mallory Construction Co.* v. *Fitzgerald,* 137 U. S. 98.

The defendants in error base their defense on the proposition that Stevens was engaged in an official capacity at the time he was injured and that the relation of employer and employee did not exist between him and the Dolan Company, and it is said that he was several blocks away from the plant for the purpose of collecting a bill—a function which had nothing to do with the manual or mechanical part of the plant but was peculiarly and exclusively a part of his official duties as secretary and treasurer of the corporation. The question is not, however, whether the duty he was performing was mechanical or manual in its nature but whether it was an official duty imposed upon him by the nature of his office as secretary and treasurer. We have already seen that the act applies to all the employees of a corporation, regardless of the nature of their duties or the character of the work in which they were engaged. Whether it applies to the general executive officers of a corporation has never been decided or considered by this court. It was considered by the Appellate Court for the First District in *Ryan* v. *State Auto Parts Corp.* 255 Ill. App. 422, which was an action for personal injuries received by the plaintiff through the negligence of the defendant. The defense relied upon by the defendant was that the plaintiff was in the employ of the Motor Transportation Company, and that the plaintiff, his employer and the defendant were all operating under the Workmen's Compensation act, and that under section 29 of the act the action at law by the plaintiff could not be maintained. The business of the Motor Transportation Company was hauling material by truck, and it used between sixty and sixty-five trucks in the conduct of its business. The plaintiff had been connected with the company about fifteen years, was a stockholder and also its superintendent, secretary and purchasing agent. He hired

all its employees, bought all necessary motor parts, made charges for services, entered them on the books of the company and checked all bills. The book-keeper made out and signed all checks and the plaintiff checked them, and, if correct, countersigned them. He received a monthly salary paid by checks countersigned by himself. He signed contracts of the corporation, as the president also did. He did not drive any of the trucks but was the executive officer of the company. He was injured by falling down an open elevator shaft on the defendant's premises negligently left unguarded. He had gone to the defendant's premises to examine some second-hand motor trucks which he had learned that the defendant had for sale, with a view to the purchase of them for his company. The Appellate Court held that in doing this the plaintiff was acting in his official capacity as the executive manager of his company and was not doing the work of an employee and therefore was not under the Workmen's Compensation act. We regard this decision as giving a proper construction to the Workmen's Compensation act in accordance with the weight of judicial authority.

In *Bowne* v. *Bowne Co.* 221 N. Y. 28, the claimant was the owner of a majority of the stock of the S. W. Bowne Company, a corporation engaged in the manufacture of cattle foods, and its president and principal executive officer, receiving a salary of $70 a week. While performing manual labor, assisting in handling lumber for the company, he suffered an accident resulting in the loss of his left leg. He presented a claim for compensation under the Workmen's Compensation act, which was allowed at the maximum rate of $20 a week for 288 weeks, the Industrial Commission finding that he was employed as president of the company and that the accident arose out of and in the course of such employment. His salary was not interrupted by the accident and his stock dividends in the preceding year amounted to $30,000. The definition of "employee" in the New York act is, "a person who is engaged in a hazardous employment

in the service of an employer carrying on or conducting the same upon the premises or at the plant, or in the course of his employment away from the plant of his employer, and shall not include farm laborers or domestic servants." The court said that in a broad sense the officers of a corporation serve it but in common speech they are not referred to as its servants or employees, and that the words of the statute, construed in the light of the legislative purpose, do not justify the conclusion that the distinction between the higher executive officers of the corporation and its workmen was obliterated. In support of this conclusion are cited *In Matter of Petrie,* 215 N. Y. 335, *Post* v. *Burger & Gohlke,* 216 id. 544, and *New York Central Railroad Co.* v. *White,* 243 U. S. 188.

The language of our Workmen's Compensation act is more comprehensive than that of the New York act and has been given a broader construction, since we have held in the cases which have been cited that it includes all employees of an employer conducting any of the various forms of extra-hazardous business mentioned in the statute, regardless of the character of their duties. We have not, however, obliterated the distinction between the higher executive officers and its workmen. We have not hitherto had occasion to advert to that distinction, which has been noted in many of the decisions of our sister States.

In *Dewey* v. *Dewey Fuel Co.* 210 Mich. 370, a claim was made for compensation for an accident resulting in death. The deceased was the president of the company but received no salary. He was also hired as a yardman, and for his services in that capacity received wages at two dollars a day. He was struck by an automobile while crossing a street on his way from the yard to another part of the city where he had been directed by the manager to go and pile and measure a quantity of wood belonging to the company and received injuries resulting in his death. He was not at the time engaged in any executive work as an

officer of the company but was doing the work of an employee for which he was regularly engaged and paid. He was subject to the orders of the manager as an employee. The court said that "the mere fact that back of this employment he was a stockholder of the company and acted as its president could not alter the character of his employment. Neither his status as a stockholder nor his position as president obligated him in any way to perform the work of an employee. Had the company not been an artificial person the argument might be more plausible that he was working for himself, but when he was employed by the manager of a legal entity we think he was employed by another within the meaning of the act. * * * The confusion which arises from the closeness of the relation between the deceased and the corporation clears up very rapidly when one considers that the company had a legal entity which was as distinct as that of the deceased, for the purpose of owning property and controlling its affairs." The conclusion of the court was that the claimant was entitled to compensation.

In *Skouitchi* v. *Chic Cloak and Suit Co.* 230 N. Y. 296, the claimant, who was the owner of ten shares of stock in a small corporation engaged in the clothing business, of which he was president and treasurer, performed no substantial duties in those offices but was employed as manager, and as such performed services in packing, shipping, selling and delivering goods, and while thus engaged met with an accident which caused the injuries for which compensation was sought, his average weekly wages being $33.70. The claim was resisted on the ground that being a stockholder and officer of the corporation the claimant did not come within the provisions of the Workmen's Compensation act. The court held that "a corporation is a complete entity, separate and distinguishable from its stockholders and officers, and if it sees fit to have one of the latter serve it in the capacity of an ordinary employee we see nothing to pre-

vent its so doing. That seems to be the present case." The case of *Bowne* v. *Bowne Co. supra,* was cited as not consistent with the allowance of compensation, but the court distinguished that case, saying that the ordinary duties of the claimant there were those which pertained to the position of a managing executive officer and the manual work in the course of which he was injured was merely a casual occurrence. He received as a stockholder and an executive officer substantial dividends and salary, which were in nowise abated or impaired by his accident, and under those circumstances, the court said, it would be an unreasonable interpretation of the Compensation law to regard him as an employee, such as was intended and provided for by that statute in awarding compensation for injured employees, but it was fully recognized that there was nothing to prevent a corporation, if it so desired, from hiring one of its officers to be and to perform the work of such an employee as was contemplated by the statute, and that the higher executive officers of a corporation are not, as such, its employees in the ordinary use of the word. *Hubbs* v. *Addison Electric Light and Power Co.* 230 N. Y. 303, is another decision to the same effect.

In *Eagleson* v. *Preston,* 265 Pa. 397, the claimant was a director, without salary, of the corporation by which he was employed as a salesman at weekly wages, who, while engaged in taking orders as such salesman, was killed in an automobile accident. The court held him entitled to compensation, saying that it was "not the case of a higher executive officer of a corporation" claiming an award. The Pennsylvania Supreme Court cited this case with approval in *Carville* v. *Bornot & Co.* 288 Pa. 104, holding that an executive of a corporation with a salary of $7000 a year was not entitled to compensation, and saying that the case was "not the case of an ordinary employee on wages being used *pro forma* as an executive officer of defendant company, nor is it the case of one with the title of an executive

officer but really serving as an ordinary employee and receiving a fixed or ascertainable compensation for his work as such." *Columbia Casualty Co.* v. *Industrial Com.* 200 Wis. 8, *Strang* v. *Strang Electric Co.* 8 N. J. Misc. 873, and *Southern Surety Co.* v. *Childers,* 87 Okla. 261, are decisions of the same kind.

The defendants in error contend that Stevens at the time of the accident was away from the plant exclusively in his official capacity as secretary and treasurer, endeavoring to collect money due the company of which it was his duty to keep an accounting. In 3 Cook on Corporations (6th ed. sec. 717) it is said that "a secretary is one of the corporate officers but he has practically no authority," and in a footnote the author adds: "A secretary is a mere servant. His position is that he is to do what he is told, and no person can assume that he has any authority to represent anything at all." These statements are quoted with approval in *City of Chicago* v. *Stein,* 252 Ill. 409. It is not a part of the ordinary duty of a secretary or a treasurer of a corporation to leave his office and endeavor to collect accounts due from the debtors of the corporation. The powers of a corporation, so far as its dealings with third persons are concerned, are primarily lodged in its board of directors, and from this source the officers, either expressly or by implication, derive such measure of authority as may be bestowed on them. We cannot assume that Stevens was charged by his office with the duty of going to the place of business of the debtor to collect this account.

The order of the circuit court is reversed and the cause is remanded to that court, with directions to set aside the award of the commission and enter an award in favor of the plaintiff in error against the defendants in error in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*

ORR and JONES, JJ., dissenting.