## STATE ex WEINBERGER v INDUST. COMM.

Ohio Appeals, 2nd Dist, Franklin Co

No 3286. Decided Jan 17, 1941

Robert M. Draper, Columbus, and Maurice Singer, Cleveland, for relator.

Thomas J. Herbert, Attorney General, Columbus, and E. P. Felker, Asst. Atty. General, Columbus, for respondent.

## OPINION

BY THE COURT:

The above entitled cause is now being determined on respondent's demurrer to plaintiff's petition on two stated grounds:

(1) That the petition on its face shows that the Court does not have jurisdiction of the subject of the action; and

(2) That the petition in mandamus does not state facts sufficient to show a cause of action.

Plaintiff's action in our Court was an original one, asking for a mandatory order against defendant to compel it to grant to plaintiff a rehearing upon his application therefor.

Briefly, the petition in mandamus contains the following allegations:

That on January 6, 1936, relator sustained certain injuries to his left leg;

That respondent recognized relator's claim and allowed and paid compensation therefor;

That on January 15, 1937, relator filed an application for modification, setting forth that as a result of the original injury to the left leg it had been necessary to amputate the right leg on November 20, 1936;

That respondent denied said application for modification, both on original hearing and on rehearing;

That an appeal was taken to the Court of Common Pleas of Cuyahoga County, where a verdict was obtained by the relator and from the judgment on said verdict an appeal was taken by the respondent to the Court of Appeals;

That during the pendency of said appeal an agreement for compromise settlement was entered into between the parties for the sum of $3800.00 to claimant and $400.00 counsel fees, and that said agreement was carried out by the payment of the amounts agreed upon, being approximately $1000.00 less than what would have been received had the appeal terminated favorably to relator;

That the agreement entered into was in the words and figures following:

"May 31, 1939.

"The parties hereto agree that the appeal now pending in the Court of Appeals of Cuyahoga County is to be dismissed at the costs of the Industrial Commission of Ohio, and that in full satisfaction of the judgment heretofore rendered by the Common Pleas Court and of all claims for compensation, expenses and fees by reason of claim 1,388,591 the defendant will award the

sum of $4200.00 to be paid as follows: $3800.00 to claimant and $400.00 to counsel for plaintiff.

(Signed)    Milton  Weinberger
                    R. D. Metzner,
                       Counsel for Claimant.
                    E. P. Felker,
                       Asst. Atty. General."

Thereafter the Industrial Commission of Ohio caused the following order to be set forth on its record:

"That claimant be awarded compensation pursuant to the agreement entered into by and between claimant and the Attorney General, to-wit:

Compensation in the amount of $3800 to claimant and $400 to counsel for claimant, Raymond D. Metzner; that said warrants are in full satisfaction of the judgment heretofore rendered by the Common Pleas Court in the appeal of this claimant of all claims for compensation and expenses and fees by reason of this claim; that warrants be issued forthwith to J. H. Davis for delivery."

Thereafter, on January 19, 1940, relator filed an application for additional compensation setting forth that as a result of the original injury it had been necessary to amputate the other or left leg; that the respondent denied the relator's right further to participate in the fund and dismissed his application for rehearing on April 18, 1940.

The petition in mandamus seeks a peremptory writ to require the respondent immediately to grant a rehearing with reference to his application for additional compensation beyond the date of last payment.

As heretofore stated, the respondent files a demurrer to relator's petition. The first claim is made that since relator waited from April 18, 1940, at which time his application for rehearing was dismissed, until July 29, 1940, before filing his petition in mandamus, that such delay constitutes laches.

Aside from the bare claim set out in respondent's brief, no other or further argument is presented.

We find against respondent's claim of laches.

Aside from these facts the principal question involved in the mandamus action narrows down to a consideration of the agreement for a compromise settlement which was entered into between the parties on May 22, 1939.

It is the claim of respondent that this was a full and complete settlement of any and all claims, past, present and future, and precludes the prosecution of any proceeding of any character for any further compensation. Contrary to this claim, it is the contention of counsel for claimant that it was no more than a settlement of the then pending action and under its language did not, and was not intended to, include future claims then unknown but which subsequently developed and were traceable to the original injury.

Counsel for relator argue that the demurrer should be overruled for three reasons as follows: 1st: That the construction of the contract of settlement was purely a legal question, and therefore was not a basis for the Commission's action in refusing to grant a rehearing.

In other words, the claimed proper procedure was to grant the rehearing and therein the Commission could have disallowed the claim and incorporated in its findings its reasons for so doing. This would at once have given the relator a right of appeal to the Court of Appeals.

We think that the Commission was within its right in adopting the procedural method, provided the claimed agreement of settlement is broad enough to include the present claim for further compensation.

As a second ground relator contends that the general demurrer is not well taken for the claimed reason that under §1465-94 GC, an agreement to waive rights and make settlements for future claims is prohibited. Counsel for both relator and respondent have argued this question at length and submitted numerous authorities. The law is not well defined. The Court of Ap-

peals of Cuyahoga County in the case of Hehn v Adler et, 49 Oh Ap 381, in the first syllabus states in substance that §1465-94, rendering certain agreements invalid, applies only to contracts of waiver executed at a time prior to the accrual of a cause of action under the act. The Supreme Court affirmed the Court of Appeals, the case being reported under the same title in 129 Oh St p. 303, although neither in the syllabus nor in the opinion do we find the pronouncement in as broad language as in the syllabus of the Court of Appeals decision. We find a number of cases in which settlement agreements have been upheld, and others when there has been a contrary pronouncement. Some of this variance may be attributable to an amendment to the Ohio Constitution which inferentially repealed certain existing statutory enactments, and again through amendments to legislative enactments, and also a variance in sections as they apply to conforming and non-conforming employers. We have examined numerous cases cited pro and con, and also some found through our independent research.

We do not deem it necessary to discuss these cases in detail, but will simply refer to them by title, volume and page:

**State ex Fortner v Industrial Comm., 126 Oh St 554.**
Same, 127 Oh St 289.
Industrial Commission v Broskey, **128 Oh St 372.**
State ex Upperman v Industrial Com. **122 Oh St 509.**
State ex Trimble Steel Co. v Industrial Com. of Ohio, 106 Oh St 83.
State ex Rojc v Industrial Com., 133 Oh St 131.

Our Court had considerable difficulty with this question of settlement in the case of Snyder v Rheinisch Hdwe. Co. v Indust. Comm., decided June 3, 1939, and reported in 30 Abs 211. This Snyder case involved a nonconforming employer and therein differed from the instant case. However, we reviewed many of the cases and legislative enactments which may be found helpful.

We make no further comment relative to this second claim due to our conclusion under No. 3.

As a 3rd proposition counsel for relator urge that the language in the agreement of settlement may not properly be given the construction as claimed by the office of the Attorney General representing the Industrial Commission. In this contention we are in accord. The words "and of all claims for compensation, expenses and fees by reason of 1,388,591" may not properly be given a construction to include future claims, but only such as were then known and existing. Had it been the intention to include future developments the agreement should so have stated, as was done in some of the reported cases above referred to.

The claim is made that the agreement of settlement was drafted by counsel for the Commission and consequently we follow the legal principle that written instruments are always construed strongly against the party preparing same.

Respondent's demurrer to relator's petition will be overruled with leave to file answer, if desired, within twenty days.

If it is not desired to file answer, final judgment may be entered in favor of relator.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.