## HOEGER v. HORRELL.

Court of Appeals of Kentucky.
Oct. 19, 1951.

C. Raymond Emler, Louisville, for appellant.

Franklin S. Fitch, C. Maxwell Brown, Louisville, for appellee.

CULLEN, Commissioner.

This is an appeal by Mary Elizabeth Hoeger from a declaratory judgment declaring that she is not entitled to a widow's exemption, under KRS 391.030, out of the estate of her deceased husband.

Charlotte Horrell filed a petition for a declaratory judgment, naming as defendant Mary Elizabeth Hoeger, individually. The petition alleged that plaintiff is the daughter and sole legatee of Charles R. Hoeger, who died testate; and that prior to his death Charles R. Hoeger entered into a separation agreement with his wife, which agreement provided in part: "* * * neither party shall have any right or claim upon the other for support, contribution nor any other demand upon the other party; The personal estate of each shall be separate and without burden from the other party; * * *" The petition further alleged that, notwithstanding the separation agreement, the defendant is claiming her "distributable share" as surviving widow and is further claiming the widow's exemption provided for in KRS 391.030. The petition stated that an actual controversy exists concerning the rights, duties and relations of the sole legatee under the will of Charles R. Hoeger and his surviving widow, and the rights and duties of the personal representative of the estate.

A general demurrer to the petition was overruled. The defendant then filed an answer in which she alleged that she was the duly qualified administratrix of the estate of Charles R. Hoeger, and in which she stated that she was appearing in the action both individually and in her capacity as administratrix. The answer admitted the signing of the separation agreement, but denied that the agreement divested her of "her dowable and distributable share as a surviving widow." The answer further stated that there was no consideration for any agreement by her to relinquish her dowable and distributable share, and affirmatively alleged her right to the widow's statutory exemption. The answer contained a general denial of all the allegations not specifically admitted, which had the effect of denying that part of the petition in which it was alleged that Charles R. Hoeger died testate and that the plaintiff was the sole legatee.

Plaintiff's demurrer to the answer was sustained. A motion by defendant to set aside the order sustaining the demurrer to

1018

the answer was overruled, and judgment was entered declaring that the defendant was not entitled to the widow's statutory exemption.

■ Section 639a–6 of the Civil Code of Practice provides that when, in the opinion of the Court of Appeals, further pleading or proof is necessary to a final and correct decision of the matters involved in a declaratory judgment proceeding, the court shall remand the case for that purpose. We are of the opinion that this case is one in which the Civ.Code Prac. provision should be applied.

It is our opinion that important issues in the case were not properly raised by the pleadings, and that a correct decision cannot be made on the record before us.

The petition and the answer make some reference to the widow's distributable share, but they seem to concentrate on the statutory exemption, and the judgment refers only to the statutory exemption. The petition alleges that the husband died testate, which is denied by the answer. It seems to us that the existence or nonexistence of a will is an essential fact bearing on the widow's right to the exemption.

Under KRS 391.030, the widow is entitled to an exemption only if the husband died intestate, or if he left a will which the widow renounced. If Charles R. Hoeger did leave a will, and it was not renounced by the widow, the separation agreement does not enter into the picture, because the statute itself precludes any right to the exemption.

It is neither necessary nor desirable for this Court to pass on the close question of whether the separation agreement barred any interest the widow might have in the estate of her deceased husband (see 35 A.L.R. 1505 and Stevens v. Industrial Comm., 346 Ill. 495, 179 N.E. 102, 81 A.L.R. 639), if the facts are such that the interest claimed does not exist regardless of the separation agreement.

If, as appears from the judgment, it is only the widow's exemption that is in issue, the question of whether the deceased left a will and, if so, whether the widow renounced it, should be clarified by ap-

propriate pleadings and, if necessary, by proof. If there is also an issue as to the widow's distributable share, the same question will exist as to the will and its renunciation.

■ Although the plaintiff's petition alleged that the deceased died testate, there was no allegation as to the naming or qualifying of an executor, and the only party named as a defendant was the widow individually. The widow in her answer claimed to be the duly qualified administratrix, and answered as such. However, in appellee's brief, it is stated that the will was admitted to probate and the Liberty National Bank and Trust Company was named executor. If there is an executor, he should be made a party, since his rights and duties as executor necessarily will be affected by any determination as to the widow's right to a statutory exemption or distributable share. In this respect it should be noted that the petition itself alleges that the controversy involves "the rights and duties of the proper personal representative of said estate".

The judgment is reversed and the case is remanded for proceedings in conformity with this opinion.